## Roger N. Devino *v.* Mary Ann Devino
### (10776)

Peters, Healey, Parskey, Shea and Grillo, Js.

Argued March 4—decision released May 3, 1983

*William F. Gallagher,* with whom, on the brief, was *Elizabeth A. Dorsey,* for the appellant (plaintiff).

*Jeremiah M. Keefe,* for the appellee (defendant).

Per Curiam. In this action for dissolution of marriage, the issue is the alleged abuse of discretion in the trial court's financial awards to the former wife. The action was initiated by the plaintiff, Roger Devino, who sought a dissolution of his marriage to the defendant, Mary Ann Devino, on the ground of irretrievable breakdown. The defendant, in a cross complaint, acknowledged that the marriage between the parties had broken down irretrievably, but in addition charged the plaintiff with intolerable cruelty, and asked the court for an award of alimony, a division of assets, and other appropriate equitable relief. The trial court, after dissolving the marriage, ordered payment to the defendant of $75,000 in lump sum alimony, $250 weekly alimony for one year with modification precluded, and $5000 for counsel fees. The plaintiff was also ordered to transfer title to a 1978 Camaro automobile to the

defendant. The plaintiff's appeal challenges the propriety of the awards of alimony and of counsel fees.[1] We find no error.

There is no basis in the present record for us to conclude that the trial court abused its discretion in awarding the defendant lump sum alimony and periodic alimony. The plaintiff takes no issue with the manner in which the trial court arrived at its determination to award alimony, and does not directly challenge the finding that it was the plaintiff, because of his indifference and lack of cooperation and affection, who caused the marriage to break down irretrievably.[2] Although the marriage was of short duration, the plaintiff's considerable assets, which increased during the marriage to $450,000, and his weekly income of $1200, were factors for the court to take into account pursuant to General Statutes § 46b-82.[3] The defendant's finances,

[1] The transfer of the Camaro is not an issue in the present appeal.

[2] Although the husband suffered a brain tumor, which manifested itself two months after the parties were married, there was considerable evidence that, after his uneventful recovery from successful surgery for removal of the tumor, his conduct toward his wife was marked by excessive criticism, inquisitiveness and parsimony. He took out-of-state trips and asked her not to accompany him. He finally asked her to leave the family home, which he immediately proceeded to sell.

[3] "[General Statutes] Sec. 46b-82. (Formerly Sec. 46-52). ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

by contrast, as revealed by her affidavit, demonstrated assets of $2000 and a weekly income of $200. The trial court's memorandum of decision sufficiently indicates that it considered the other appropriate statutory criteria, including the parties' age, health, station and needs. In these circumstances, we cannot say that the trial court could not reasonably conclude as it did. *Sands* v. *Sands,* 188 Conn. 98, 100–101, 448 A.2d 822 (1982); *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979).

For similar reasons, the trial court's award of counsel fees to the defendant did not constitute an abuse of discretion. The statutory criteria governing counsel fees are found in General Statutes §§ 46b-62 and 46b-82.[4] We have recently restated the principles by which these statutory criteria are to be applied. In *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 33-34, 459 A.2d 498 (1983), we held that, in the exercise of a trial court's discretion regarding an award of counsel fees, "the availability of 'sufficient cash' to pay one's attorney's fees is not an absolute litmus test . . . . [A] trial court's discretion should be guided so that its decision

---

[4] "[General Statutes] Sec. 46b-62. (Formerly Sec. 46-59). ORDERS FOR PAYMENT OF ATTORNEY'S FEES IN CERTAIN ACTIONS. In any proceeding seeking relief under the provisions of this chapter and sections 17-323a, 17-323b, 45-162, 46b-1, 46b-6, 46b-204, 47-14g, 51-348a and 52-362, the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. If, in any proceeding under this chapter and said sections, the court appoints an attorney for a minor child, the court may order the father or mother, or both, to pay the reasonable fees of the attorney or may order the payment of the attorney's fees in whole or in part from the estate of the child. If the child is receiving or has received state aid or care, the reasonable fees of the attorney, as determined by the court, not exceeding one hundred dollars, and any costs incurred which have been -approved by the court may be paid from the appropriation of the judicial department."

General Statutes § 46b-82 is reproduced in footnote 3, supra.

regarding attorney's fees does not undermine its purpose in making any other financial award." See *Venuti v. Venuti,* 185 Conn. 156, 162, 440 A.2d 878 (1981); *Arrigoni* v. *Arrigoni,* 184 Conn. 513, 519, 440 A.2d 206 (1981). Taking into account the totality of the circumstances reflected in the financial awards as a whole, we cannot find that the trial court abused its discretion and acted unreasonably in granting the defendant's request for counsel fees. Although the alimony awarded to the defendant provided her with liquid assets, the trial court could reasonably have concluded that it wanted to preserve these assets for the defendant's use without the burden of the contested $5000 attorney's fees.

There is no error.