### ROGER L. VANDERLIP *v.* BARBARA VANDERLIP
### (2353)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued November 10, 1983—decision released January 3, 1984

*Laurence M. Wood,* for the appellant (defendant).

*Edward S. Ludorf,* with whom, on the brief, was *John Bogdanski,* for the appellee (plaintiff).

PER CURIAM. The defendant appealed from the portion of the judgment of dissolution of her marriage which adjudicated matters of custody, support, alimony, attorney's fees and the disposition of property.[1] She claims that the trial court abused its discretion both in its ruling, on the day of trial, that the case proceed in her absence, and in its financial orders.

This case was assigned for trial on a specified day. See Practice Book § 276. When the case was reached, the defendant's counsel moved to be permitted again to continue it. The record discloses that on the date assigned for trial the defendant was in Florida and that on three previous occasions the case had been reassigned for her accommodation. Before he denied the motion to continue, the trial judge pointedly remarked on the "casualness toward this matter [manifested] by the defendant" and on the difficulty of rescheduling the case to fit in with a busy court calendar. The ruling was fully within the discretion of the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

court. *Thode* v. *Thode,* 190 Conn. 694, 697, 462 A.2d 4 (1983). In this case, we cannot believe that the defendant was harmed by the refusal of the court to permit a continuance. On the day following the order to proceed immediately to trial, the defendant appeared. The usual order of trial was revamped in her favor.[2] She was present at all relevant times. Under these circumstances, we are not persuaded that the trial court abused its discretion.

The defendant also seeks review of the trial court's financial awards and of its division of the parties' assets.[3] The amount of alimony and child support as well as the nature and amounts of other transfers ordered under a judgment of dissolution rest within the sound discretion of the trial court. *LaBow* v. *LaBow,* 171 Conn. 433, 443, 370 A.2d 990 (1976); *Stoner* v. *Stoner,* 163 Conn. 345, 353, 307 A.2d 146 (1972). "Because of the distinct advantage had by the trial court in dealing with domestic relations, we do not disturb its exercise of discretion unless a clear abuse of that discretion is shown." *Ross* v. *Ross,* 172 Conn. 269, 275, 374 A.2d 185 (1977). It is not our function to weigh the evidence or to substitute our judgment for that of the trial court; rather, our sole duty is to review the present record to determine whether the trial court committed an abuse of discretion when it divided the parties' property and made its financial awards.

---

[2] The defendant's counsel was allowed to reserve time for cross-examination of the plaintiff until the second day of trial when the defendant was present.

[3] The unanswered complaint claimed only a dissolution of the marriage. The defendant filed no claims for relief. The case was, however, presented to and tried by the court on the contested issues of support, alimony and property division. See *Falker* v. *Samperi,* 190 Conn. 412, 427, 461 A.2d 681 (1983). Because of this procedure, we need not consider any of the questions raised in *Tsopanides* v. *Tsopanides,* 181 Conn. 248, 435 A.2d 34 (1980). Compare *LaCroix* v. *LaCroix,* 189 Conn. 685, 457 A.2d 1076 (1983).

In this case there is direct evidence that the trial court was aware of and followed the criteria set forth in General Statutes §§ 46b-62, 46b-81 and 46b-82 in effecting a property division and in making the financial awards. The case plainly appears to be one where the trial judge was in the best position to determine the issues. His determination does not appear to be legally or logically inconsistent with the facts found. That a different result might have been reached in this case does not warrant this court to substitute its judgment for that of the trial judge.

We have been shown no abuse of discretion. The awards were clearly within the discretion permitted a court in deciding marital dissolution cases.

There is no error.