### ALTON URBAN ET AL. *v.* LAWRENCE LEGGIO
### (2259)

TESTO, HULL and BORDEN, Js.

Argued November 30, 1983—decision released January 31, 1984

*Daniel D. Skuret,* for the appellants (plaintiffs).

*James E. Cohen,* with whom, on the brief, was *David B. Cohen,* for the appellee (defendant).

PER CURIAM. This is an appeal[2] from the partial dissolution of an injunction that was originally granted on September 26, 1969. The issue presented for our consideration is whether the trial court's decision to dissolve the injunction amounts to an abuse of discretion.

In order that we can, in fairness to all the parties, determine this appeal, it is the burden of the plaintiffs to present us with a proper record. *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983); *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320–21, 455 A.2d 1332 (1983).

The injunction that was originally granted in 1969 by the court, *Naruk, J.,* enjoined the defendant from using his twenty acre parcel of land as a used car business or as a junkyard. The court, *Kulawiz, J.,* on June 27, 1979, dissolved the 1969 injunction only as it related to a used car business. The judgment printed in the record does not include the findings by the court which were referred to by both parties during their oral arguments to this court. The plaintiffs never designated as part of the record those findings or any other pleadings necessary for appellate review. See Practice Book § 3012. The Supreme Court has said that a court of appeal "cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings . . . or exhibits which are not part of the record." *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 465, 378 A2d 547 (1977).

---

[2] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred to the Supreme Court in 1980, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The order of the court, *Kulawiz, J.*, partially dissolving the injunction was issued without a memorandum of decision. The plaintiffs, however, failed to file a motion for further articulation. See Practice Book § 3082. In the absence of such a motion, and in the absence of specific findings by the trial court and a basis for its decision, we have no basis on which to determine that the trial court abused its discretion in dissolving the injunction. We find that the record before us is totally inadequate. Under these circumstances we are not inclined to remand the case for articulation, and have no basis on which to find error. *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* supra.

There is no error.