### NINA K. KATRECZKO *v.* VALENTIN KATRECZKO (2349)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued February 9—decision released May 15, 1984

*Brian M. Gildea,* for the appellant (defendant).

*Steven P. Floman,* with whom, on the brief, was *Althea Dinan,* for the appellee (plaintiff).

TESTO, J. In this appeal[1] from the judgment dissolving the marriage of the parties, the defendant asserts an abuse of discretion by the trial court relative to its awards of alimony, child support and attorney's fees.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The plaintiff filed this action seeking the dissolution of the parties' marriage on the ground of irretrievable breakdown. By memorandum of decision filed on January 4, 1982, the trial court concluded that the marriage had broken down irretrievably and ordered, inter alia, that the defendant make payments of $75 per week alimony and $75 per week child support for the one minor child, and that he pay to the plaintiff $1000 in counsel fees. Thereafter, the defendant moved to reargue the financial orders entered by the trial court. The motion was denied. The defendant's appeal challenges the propriety of the awards. We find no error.

The defendant claims that the alimony and child support orders[2] were erroneously based on incorrect expenses of the plaintiff and that the trial court failed to refer to the relevant statutory criteria in making these awards. The amount of alimony and child support ordered under a judgment of dissolution rests within the sound discretion of the trial court. *LaBow* v. *LaBow,* 171 Conn. 433, 443, 370 A.2d 990 (1976); *Vanderlip* v. *Vanderlip,* 1 Conn. App. 158, 159, 468 A.2d 1253 (1984). Great weight is given to the judgment of the court below because of its opportunity to observe the parties and the evidence. *Anderson* v. *Anderson,* 191 Conn. 46, 57, 463 A.2d 578 (1983). Our sole duty is to review the record and determine whether the trial court committed an abuse of discretion when it made its financial awards. *Vanderlip* v. *Vanderlip,* supra; see *Wolk* v. *Wolk,* 191 Conn. 328, 334, 464 A.2d 780 (1983); *Weiman* v. *Weiman,* 188 Conn. 232, 234–35, 449 A.2d 151 (1982).

---

[2] In his brief, the defendant also claimed that the trial court erred in making its award of alimony and child support by not taking into consideration the 60 percent net proceeds to the plaintiff from the sale of the parties' two parcels of real property when the minor child turns eighteen. We need not review this claim since the defendant abandoned it at oral argument.

In determining whether to award alimony the court must consider the length of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, and the division of property. General Statutes § 46b-82; *Sweet* v. *Sweet,* 190 Conn. 657, 660, 462 A.2d 1031 (1983); *Devino* v. *Devino,* 190 Conn. 36, 38, 458 A.2d 692 (1983). Likewise, child support orders are determined by the child's need of maintenance and the respective abilities of the parents to supply such maintenance. General Statutes § 46b-84.

It is sufficient if the memorandum of decision and the judgment clearly demonstrate that the court considered the required statutory criteria in arriving at its decision.[3] *Weiman* v. *Weiman,* supra, 234. The trial court is not obliged to make an express finding on each of the statutory criteria, since a ritualistic rendition of each and every statutory element would serve no useful purpose. *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983); *Carpenter* v. *Carpenter,* 188 Conn. 736, 740, 453 A.2d 1151 (1982). It is free to weigh the relevant statutory criteria without having to detail what importance it has assigned to the various statutory factors. *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982).

The detailed financial affidavits filed by each party demonstrate that, at the time of the dissolution proceedings, the defendant's earnings were substantially greater than those of the plaintiff, that the defendant's pension rights were fully vested while his wife

[3] We note that although the defendant avers that the trial court abused its discretion by failing properly to consider the relevant statutory criteria as delineated in General Statutes § 46b-82, he failed to file a motion for articulation with the trial court. Practice Book § 3082. It is the responsibility of the appellant to secure an adequate record for review. *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). Since the record before us rebuts the defendant's contention, we will not review the claim. See *Urban* v. *Leggio,* 1 Conn. App. 226, 228, 470 A.2d 1226 (1984).

had no vested rights, and that some of the plaintiff's expenses were merely estimates based on prior calendar years. The memorandum of decision sufficiently indicates that the trial court considered the financial affidavits and all other appropriate statutory criteria in entering the alimony and child support orders. We have been shown no abuse of discretion by the trial court.

The defendant also argues that the trial court erred in awarding counsel fees to the plaintiff in the amount of $1000 at the conclusion of the hearing and an additional $150 upon the denial of the defendant's motion to reargue. "The allowance of counsel fees is within the sound discretion of the trial court provided the court considers the parties' respective financial abilities and the criteria set forth in General Statutes § 46b-82. General Statutes § 46b-62." *Barnes* v. *Barnes,* supra, 495, quoting *Burton* v. *Burton,* 189 Conn. 129, 141–42, 454 A.2d 1282 (1983); see also *Garrison* v. *Garrison,* 190 Conn. 173, 177, 460 A.2d 945 (1983); *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 33, 459 A.2d 498 (1983). An abuse of discretion will only be found if this court determines that the trial court could not reasonably have concluded as it did. *Wolk* v. *Wolk,* supra, 334; *Fitzgerald* v. *Fitzgerald,* supra, 34. In view of the parties' respective financial abilities and the criteria delineated in § 46b-82, the trial court's award of attorney's fees to the plaintiff was reasonable.

There is no error.

In this opinion the other judges concurred.