[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated October 23, 1998, the plaintiff wife, Jenelta Peart, commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown, custody, child support, alimony, property distribution, and other relief. The defendant husband, Audley Peart, appeared through counsel. Both parties appeared with counsel on September 10, 1999, October 1, 1999, and October 20, 1999, and presented oral testimony and exhibits. The court, after hearing the evidence and reviewing the exhibits, finds the following facts:
The wife whose maiden name was Jenelta Brown married the defendant in Kingston, Jamaica, on December 5, 1990. She has resided continuously in the State of Connecticut for at least one year next preceding the date of filing the complaint. All statutory stays have expired and this court has jurisdiction. The parties have one minor child born to the plaintiff wife since the date of the marriage with said minor child issue of the marriage: Dwayne Alexander Peartz born January 4, 1982. The court further finds the no other minor children have been born to the wife since the date of the marriage. The court further finds that no state of municipal agency is contributing to the support of the parties and/or their minor child.
The wife is forty-four (44) years old and was educated in Jamaica where she received a degree entitling her to teach. She first married the defendant on March 4, 1978, in Kingston, Jamaica. The parties had two children, Stacey Ann Peart born October 22, 1979, and the minor child, Dwayne Alexander Peart born January 4, 1981. The wife worked in Jamaica as a teacher during the first marriage of the parties. The husband came to visit the United States on vacation in August of 1985. The husband decided to stay in America to establish a life separate and apart from his family. The husband filed for dissolution of the marriage with the marriage dissolved by decree on June 2, 1986. The defendant was ordered to pay $125/week child support CT Page 14740 for the minor children with no alimony awarded to either party (plaintiffs Exhibit 1). The wife did not appear in the dissolution of marriage action brought by the husband. The husband is presently forty-eight (48) years old and worked as a mechanic in Jamaica prior to his departure to Connecticut in 1985. He presently works in the construction industry as an asbestos/lead remover.
The parties purchased a home in Jamaica in 1979 during their first marriage. Said home was purchased in joint ownership with money borrowed from a credit union at the purchase price of $19,500 (Jamaican dollars). The mortgage was paid by the income obtained from employment and child support paid to the wife by the husband. Although the loan was for twenty years the parties paid it off in approximately eight years in April 1987. The dissolution of marriage decree of June 2, 1986, did not reference the Jamaican property. The parties continue to own the Jamaican property in joint names as of the present date. The wife resided in the house in Jamaica with the two children while teaching school until 1994 when she came to Connecticut. The husband worked in the United States in the construction industry and send cash to the wife equaling $125 week or sent barrels of goods to the wife that she would convert into cash in Jamaica from 1986 to 1994.
While residing in the United States after the divorce, the husband remarried on July 3, 1986, to Lynn Harris in Hartford, Connecticut. A child by the name of Dayschell Peart was born of this union on February 4, 1989. The husband did not advise the wife that he had a child born during his second marriage. This marriage was dissolved by a decree and judgment on July 2, 1990. The husband was ordered to pay $50/week for child support to Lynn Harris with said order presently in full force and effect.
The husband returned to Jamaica in 1990. The husband and wife remarried on December 25, 1990, in Kingstown, Jamaica. The wife and children resided in Jamaica from the end of 1990 through 1994. The children were educated in private schools in Jamaica while the wife continued to work as a teacher. The wife could not come to the United States until she was cleared by immigration. The wife immigrated to the United States in 1994, with the children coming to America in the summer of 1995.
The husband while residing without the wife and children in Connecticut, purchased a three-family home on 39 Tremont Street, CT Page 14741 Hartford, Connecticut in 1990. The husband resided in the home and rented out the other two units. The wife came to reside with him at the Tremont Street address in 1994, with the children following the next year. The husband could not maintain the mortgage payments on a current basis due to the lack of sufficient rents, vacancies, expenses, etc. The property was foreclosed in the fall of 1998. The husband vacated the premises leaving the wife and children in residence at the Tremont Street home. The wife and children were evicted in April of 1999.
While the husband and wife lived in America with the children from 1995 to the present, the Jamaican property (consisting of two living units) was rented by the parties. A great deal of time and effort was devoted to prove the amount of the gross rents, expenses, and net rents received by each party. The court finds that neither party has been able to prove by, a fair preponderance of the evidence, the gross rentals, the actual expenses, and the net money that both received through the time of trial. The parties agreed and the court so finds that there is presently $3,500 (U.S. Dollars) presently held in the escrow by the defendant's sister in Jamaica. The court further finds, by oral stipulation of the parties, that all expenses have been paid on the Jamaican property to date including taxes. The court further finds that the property sustained exterior damage in a recent storm with the amount to repair said damage presently unknown. Court further finds that the wife has failed to prove by a fair preponderance of the evidence that she did not receive one-half of the net funds from the rental of the property calculated to the present date, exclusive of the funds presently held in escrow by Mr. Peart's sister.
The wife also spent substantial court time in attempting to prove that the husband obtained rents and economic benefits from the Tremont Street property in excess of the rent and/or benefits received by the wife. The court further finds that the plaintiff has failed to prove by a fair preponderance of the evidence that the husband gained financially to the detriment of the wife and/or received rents that were not used to pay mortgage, taxes, insurance, etc., on the subject property. The court further finds that the husband's use of funds out of his retirement annuity were withdrawn on at least two separate occasions, and were used to pay back mortgage payments to save the property from foreclosure. The court also further finds that said sums were also used to pay accrued expenses to maintain the property prior to the time of foreclosure. CT Page 14742
The court further finds that the parties discussed future plans prior to their remarriage in Jamaica on December 25, 1990. The parties agreed that the wife would be educated as a nurse in America and that further the property in Jamaica was to be sold upon the family's vacation of the property and immigration to the United States. The decision to sell the property was replaced by a decision to rent the property out. The court further finds that the parties renovated the property from approximately 1990 through 1994 using money and barrels of goods sent by the husband to the wife and income that the wife obtained from work and rent. The parties further stipulated, and the court so finds, that the Jamaican property presently has a market value of $64,500 U.S. Dollars, minus the unknown cost to repair the property from the recent storm damage.
The court further finds that the parties remarried in Jamaica on December 25, 1990 due to mutual love and the fact that the wife considered the husband to be a "smooth guy". The relationship of the parties began to rapidly change the very next day after the wife arrived in the United States and established residency with her husband at the Tremont Street property. The wife found a photograph of a young child, and child's birth certificate, listing the father's name as Audley Peart with the minor child's name as Daysehell Peart. While cleaning the apartment the wife found postcards from a female admirer and received phone calls from an unnamed female during her stay with the defendant prior to the children's arrival in 1995. The wife also found checks signed by her husband made payable to a Pauline DeBeathem dated in 1993 and 1994 (plaintiffs Exhibit No. 4).
The wife confronted the husband who denied any extramarital relationship with Ms. DeBeathem. The husband did, however, admit that he had a child born of his second marriage, with said fact not disclosed to the wife prior to her marriage to the husband on December 25, 1990. The plaintiff claims that husband was unfaithful to the wife from 1992 through the date of her filing of the dissolution of marriage. The husband claims that his relationship with Ms. DeBeathem started in 1993 and remained a platonic relationship until the husband filing vacated from the marital residence in 1997. He further contends that the relationship with Ms. DeBeathem, at the present time, is not a romantic relationship but a cordial relationship between two adults. CT Page 14743
The court has heard the testimony of the witnesses, including the ex-husband of Mrs. DeBeathem. He testified that his ex-wife and Mr. DeBeathem had a relationship since 1992. Mr. DeBeathem testified that he saw the plaintiff operating a car that he gave to his daughter who in turn gave to his ex-wife, Ms. DeBeathem. Said car was used by Ms. DeBeathem and Mr. Peart in 1992 and 1993. The witness also confirmed the handwriting of his ex-wife on checks number 1013, 1017, 912 and 927, included in plaintiffs Exhibit No. 4. The witness also confirmed the defendant husband was living in a residence with Ms. DeBeathem in East Hartford, i.e. Burnham Street property, in 1998.
Court has reviewed the exhibits, including the cards, Exhibit 9 and 10, Marshall's store receipt with Pauline DeBeathem's address Exhibit 35, checks Exhibit No. 4, etc. The court concludes that the husband was unfaithful to his wife during the course of their second marriage and prior to his final separation from the wife in 1997. It is of no import to the court as to whether this relationship was platonic or sexual in nature prior to the breakdown of the relationship in 1996 when the husband first moved out or 1997 when the husband left the Tremont Street residence for good. The husband, at the very least, sought counsel and comfort from his female friend to the exclusion of his wife. Devino v. Devino, 190 Conn. 36 (1983).
The husband claims that the marriage broke down due to the tumultuous atmosphere in the residence at Tremont Street caused by the conflict between he and his wife and the confusion added to the living arrangements by the children. The wife claims that the marriage broke down as a result of the infidelity of her husband and his failure to attend to the families needs. The wife further claims that the husband was abusive to the wife as evidenced by her contention that the husband pushed her into a wall causing her physical injury (plaintiffs Exhibit 34, 36). While the court concludes that it is more probable than not that this incident occurred it is not the cause of the breakdown of the marriage of the parties. The court finds that the cause of the breakdown of the marriage of the parties is the infidelity and indifference of the husband towards the wife during the marriage. The court also finds that as of the present date the husband failed to assist the wife in obtaining a nursing certificate which was a consideration of the parties prior to the time of their marriage of December 25, 1990.
Both parties are presently of good health, the wife is CT Page 14744 employed as a nursing assistant at the Broadview Health Care Facility and employed by Staff Builders of West Hartford, Connecticut, in an administrative position. The defendant is presently a member of the Asbestos Workers Union and is employed as a asbestos/lead remover. The plaintiff earns a gross income of $558/week, net income of $450.67/week. The defendant earns $871/week gross with net income of $553/week.
The court has considered all of the factors in Connecticut General Statutes Section 46b-56, 46b-59, 46b-81, 46b-82,46b-83, 46b-84, and other pertinent statutes, the tax implications, earning capacity differential and causes for the breakdown of the marriage and consequences of the financial awards set forth below. The court finds it has jurisdiction in this matter with all statutory stays having expired and the facts set out in the complaint are proven and are true. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is further ordered that:
1. Child Custody: The parties are awarded joint legal custody of the minor child, Dwayne Anthony Peart, d.o.b. 1/4/82. Primary residence of the child shall be with the plaintiff/mother and the defendant/father shall have reasonable rights of visitation.
2. Child Support Arrearage: The defendant shall pay to the plaintiff the amount of $100/week as child support for the minor child, Dwayne Alexander Peart, d.o.b. 1/4/82. The defendant is also found in arrears in child support payments in the amount of $1,215.00. Said amount shall be paid at the rate of $10/week until paid in full. The child support payment and arrearage payments is in conformance with the child support guidelines. Said payments shall be made by immediate withholding garnishment payable through the state disbursement unit.
3. Medical Insurance for Minor Child: The defendant shall maintain health insurance as available through his place of employment for the benefit of the minor child, Dwayne Alexander Peart. The plaintiff shall pay the first $100 of uncovered and/or unreimbursed medical and dental expenses for the minor child per year. The balance of uncovered and/or unreimbursed expense shall be paid 51% by the plaintiff and 41% by the defendant in accordance with the child support guidelines.
4. Alimony and Arrearage: The defendant is further found to CT Page 14745 be in arrears in pendente lite alimony in the amount of $347. Said arrearage shall be paid at the rate of $15/week by immediate wage withholding/garnishment payable to the state disbursement unit.
The defendant is further ordered to pay the plaintiff alimony at the rate of $65.00 per week until January 4, 2000, when alimony shall increase to $165.00 per week. Said alimony shall terminate upon the first of the occurrence of the following events, (1) death of either party; (2) remarriage of plaintiff; (3) cohabitation by the wife as defined in § 46B-86 of the Connecticut General Statutes; or, (4) January 4, 2005.
5. COBRA: The plaintiff and defendant are further ordered to process and sign any documents required for the plaintiff to obtain COBRA health insurance with said cost thereof paid by the plaintiff.
6. Jamaica Real Property: The parties shall list the property for sale with a licensed real property broker in Jamaica within 60 days from the date of judgment for a mutually agreeable price. The parties shall divide the net proceeds from the sale (after deduction for brokers fees, legal fees, transfer fees, costs, and expenses occurred in making the property suitable for sale). 65% to plaintiff and 35% to defendant. If the parties cannot agree upon the sales price or sell said property the court shall retain jurisdiction to make an appropriate order after hearing the parties concerning the property division.
7. Debts: The defendant shall pay and hold the wife harmless from any liability on the billed listed on his financial affidavit dated October 20, 1999, to the IRS, credit union, dental, and Fleet Bank.
8. Attorney's Fees: The defendant shall pay $400.00 attorney's fee to plaintiffs counsel, ordered pendente lite at case management pretrial within 60 days of the date of this judgment. The husband shall pay an additional $1000 attorneys fees to the wife within 180 days of the date of this judgment.
9. Life Insurance. The plaintiff shall have all rights, title, and interest in and to his life insurance policies, (including cash value and debt obligation), with CUNA Mutual and Life of Jamaica listed on his financial affidavit and the wife shall have all right, title, and interest in and to the life CT Page 14746 insurance policies (including cash value) at Island Life, CUNA Mutual Life and Mutual Trust listed on her financial affidavit. The defendant shall further name the plaintiff as beneficiary on said life insurance policies, CUNA Mutual Life and Life of Jamaica, until his obligation to pay alimony ceases pursuant to the provisions of this judgment.
10. Appraisal Bill, Jamaican Property: Each party shall pay one-half of the $216.60 appraisal bill to the real estate appraiser of the Jamaican property.
11. Debts: The wife shall pay and hold the defendant harmless from any liability on the following debts listed on her financial affidavit dated September 10, 1999; Travelers Bank, Service Merchandise, Advantage, Cand C Sales, and Filenes. The parties shall each pay one-half of the balances owed to water bill/MDC and CL P, listed on the plaintiffs financial affidavit.
12. College Loan: The wife and husband shall be responsible for 1/2 of the Stafford loan/debt for the minor child's college expenses with said loan not due until after the minor child's graduation from the University of Hartford. The liability assumes that the child does not pay for said loan after graduation.
13. Jamaican Rent: $3500 (US):
The parties shall utilize the rental funds presently in the hands of the defendant's sister in Jamaica in the amount of $3500 (US) to make the property suitable for sale. Any funds leftover shall be divided 65% to the plaintiff and 35% to the defendant.
13. Personal Property: The plaintiff shall have all right, title, and interest in and to the 1993 Nissan automobile and her bank account at Fleet Bank and Lafayette Am Bank listed on her financial affidavit. The defendant shall have all right, title, and interest in and to the 1980 Volvo listed on his financial affidavit.
14. Retirement Annuity: The parties shall divide the defendant's regiment annuity found to be at a present value of $30,281.78, 65% to plaintiff and 35% to defendant by way of a qualified domestic relations order. The court shall retain jurisdiction to carry out the provisions of the property division order. CT Page 14747
Devine, J.