LORETTA ROSE COSTA *v.* ANTHONY COSTA
(4871)
(5270)

DUPONT, C. J., HULL and SPALLONE, Js.

Submitted on briefs April 27—decision released May 26, 1987

*Teresa R. Karutz* filed a brief for the appellant-appellee (defendant).

*Gerald T. Weiner* and *Richard Emanuel* filed a brief for the appellee-appellant (plaintiff).

SPALLONE, J. After a contested hearing, the trial court dissolved the marriage of the parties and entered the following financial awards: (1) the plaintiff will retain the family home; (2) the plaintiff will quitclaim to the defendant her one-sixth interest in certain Vermont property; (3) the defendant will pay to the plaintiff $15,000 to be used for repairs to the house and $1500 to be used to pay off the mortgage; (4) the defendant will pay to the plaintiff a lump sum of $20,000 as at least part of her share in the total assets of the parties; (5) the defendant shall provide non-cancelable life insurance with his wife as beneficiary in the amount of $90,000 so long as it is available to him from his company; (6) the defendant shall also provide health and medical insurance including psychiatric care and dental care for the plaintiff to become effec-

tive when his company's policy ceases to cover the plaintiff; (7) the defendant will pay the plaintiff the sum of $350 per week as periodic alimony, and (8) the defendant will pay one-third of the plaintiff's counsel fees.

In appeal 4871, the defendant has appealed, stating as his sole claim of error that the trial court abused its discretion in making certain of the financial awards incident to the decree of dissolution. He attacks that portion of the judgment which requires him to pay lump sum alimony of $20,000, to provide health and medical insurance, to pay periodic alimony, and to pay one-third of the plaintiff's counsel fees. In appeal 5270, the plaintiff has appealed claiming that the trial court abused its discretion in denying the plaintiff's posttrial motion for an allowance to defend this appeal.

The trial court expressly found that the parties had total assets of $450,000 of which $280,000 was in the defendant's name, with $170,000 standing in the plaintiff's name. The court also found that the defendant, including his salary, bonuses and income from rental property, had an income of $1123.50 weekly. The court also found that the plaintiff needed treatment for deep depression and had no immediate prospect of being able to work.

The defendant argues that the award of lump sum alimony, in addition to the award of the marital home, was inequitable and, therefore, an abuse of the court's discretion. A trial court "has broad discretion in determining the type, duration, and amount of alimony which is proper . . . ." *Sands* v. *Sands,* 188 Conn. 98, 101, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983). The court did not abuse its discretion in awarding the plaintiff lump sum and periodic alimony in the particular amounts found

by the court to be proper. *Barnes* v. *Barnes,* 190 Conn. 491, 496, 460 A.2d 1302 (1983).

The defendant also argues that because the judgment file does not include the court's order for health and medical insurance the order is void. The trial court's memorandum of decision clearly required the defendant to provide such insurance. The defendant cites *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 5, 513 A.2d 1218 (1986), in support of his argument. That case, however, concerns the use of a judgment file for a determination of the date on which a judgment was rendered, and is inapposite to this case. Although a judgment file is presumed to be correct, the presumption may be overcome if there is evidence to the contrary. Here, the defendant does not dispute the fact that the court intended to, and did, require the defendant to provide health and medical insurance. It is a simple matter to correct the judgment file to conform to the judgment. The court's order concerning insurance on the facts of this case is not void.

The defendant's last argument is that the court's order that the defendant pay one-third of the plaintiff's counsel fees is void because no particular amount is specified. Plaintiff's counsel indicated in oral argument to the trial court that the amount of $6000 was sought. A bill of the plaintiff's attorney with some dollar figures, but without a total figure, was marked as an exhibit for identification, but was never made a full exhibit. Thus, there was no evidence of the actual costs incurred.

The decision to award counsel fees in a dissolution case is clearly within the trial court's discretion. *Holly* v. *Holly,* 194 Conn. 25, 33–34, 478 A.2d 1000 (1984). While the decision as to the *liability* for payment of such fees can be made "in the absence of any evidence

of the cost of the work performed"; *Kenny* v. *Civil Service Commission,* 197 Conn. 270, 278, 496 A.2d 956 (1985); the dollar amount of such an award must be determined to be reasonable after an appropriate evidentiary showing. *Barco Auto Leasing Corporation* v. *House,* 202 Conn. 106, 120–21, 520 A.2d 162 (1987). In this case, the trial court found the defendant liable for paying a fixed portion of the plaintiff's counsel fees. We can find no abuse of discretion in such a ruling. The trial court, however, failed to determine the total amount of compensation from which the defendant's percentage of liability was to be drawn. The proper remedy, therefore, is that the case be remanded to the trial court for a hearing to determine the amount of attorney's fees awarded.

The claim of error raised by the plaintiff, that the trial court erred in not awarding her funds to defend the appeal, has no merit. "An abuse of discretion in denying an award of counsel fees will only be found if this court determines that the trial court could not have reasonably concluded as it did." *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 34, 459 A.2d 498 (1983). Having fully examined the record, we cannot so hold.

There is error in part on the defendant's appeal (4871), the judgment is set aside as to the award of attorney's fees and the case is remanded for further proceedings on that issue.

There is no error on the plaintiff's appeal (5270).

In this opinion the other judges concurred.