# LINDA MILLER *v.* HUGH MILLER
## (5975)

BIELUCH, STOUGHTON and NORCOTT, Js.

Argued April 20—decision released September 27, 1988

*John E. Lee,* for the appellant-appellee (defendant).

*William F. Gallagher,* with whom, on the brief, was *Gerald H. Kahn,* for the appellee-appellant (plaintiff).

BIELUCH, J. The defendant appeals from a postjudgment ruling of the trial court in this dissolution action on a motion for clarification filed by the plaintiff. The plaintiff has filed a cross appeal from that same ruling. The defendant has also filed an amended appeal from the court's order that he pay the plaintiff attorney's fees on the appeal and cross appeal.

The issue which is dispositive of the defendant's appeal is his claim that the trial court acted without jurisdiction in substantively modifying a lump sum alimony award.[1] The sole issue raised by the defendant in his amended appeal is his claim that the court erred in ordering him to pay $16,100.38 to the plaintiff for attorney's fees in connection with the appeal and cross appeal in this matter. We find merit in both of these claims raised by the defendant and, accordingly, find error on the appeal and amended appeal. This conclusion renders consideration of the plaintiff's cross appeal unnecessary.[2]

The following facts are relevant to the issues on appeal. On January 29, 1987, the trial court rendered judgment dissolving the marriage of the parties, and awarding them joint custody of their minor child, Jonathan Miller. The court made no award of periodic ali-

[1] The defendant also claims in his appeal that the court erred in ruling on the plaintiff's motion for clarification because the judgment was not ambiguous, and erred in its construction of that judgment. Additionally, the defendant claims that in reaching its conclusion, the court acted prematurely and without a proper factual foundation.

[2] The issue the plaintiff raises in her cross appeal is whether the court erred in refusing to allow her to present certain evidence at the hearing on her motion for clarification. A second issue also raised by the plaintiff in her cross appeal was withdrawn at oral argument.

mony to either party. The court did, however, in addition to directing the defendant to transfer to the plaintiff his interest in the jointly owned marital home and in a jointly owned automobile, award the plaintiff lump sum alimony of $500,000.[3] In compliance with the court's alimony award, the defendant transferred to the plaintiff, as of February 19, 1987, 6191 shares of stock in Cummins Engine Company, Inc., the market value of which was $499,923.25. The defendant paid the balance of $76.75 to the plaintiff by check.

On February 19, 1987, the plaintiff filed a motion for clarification of the court's judgment, alleging that certain ambiguities appeared in the court's memorandum of decision. The plaintiff's motion inquired: "With regard to the lump sum alimony payment of $500,000, what limitations, if any, are there on the defendant's right to transfer to the plaintiff securities that are low in basis, low in dividend yield, and/or not likely to appreciate?" The defendant filed an objection to this motion on February 25, 1987, stating that the judgment was clear, not ambiguous, that it had become final, and was "not subject to an effort by [the] plaintiff to reargue or alter those portions of it which may not be to [the] plaintiff's liking."

On March 13, 1987, the trial court held a hearing on the motion for clarification, and also on a motion for contempt filed by the plaintiff on March 6, 1987.[4] The

[3] The pertinent portion of the court's memorandum of decision specifies: "The plaintiff is awarded lump sum alimony of $500,000. This can be invested and earn the plaintiff about 10% a year. According to the defendant, the historical return in the stock market is 9.6%. That return plus the $15,000 support for Jonathan will be adequate to take care of the reasonable financial needs of the plaintiff and Jonathan. This order concerning the amount of lump sum alimony may be satisfied by the defendant transferring securities to the plaintiff."

[4] The plaintiff's motion to hold the defendant in contempt alleged that the defendant's transfer of stock, purportedly in satisfaction of the defendant's obligation to pay lump sum alimony to the plaintiff in the amount of

court filed a memorandum of decision on these motions on March 17, 1987. This memorandum states: "The defendant has transferred to the plaintiff a large number of shares of stock of the Cummins Engine Company with some cash claiming that the value of these assets total approximately $500,000 to meet the court's order on alimony. This order awarded the plaintiff lump sum alimony of $500,000 which can be invested and earn the plaintiff about $50,000 a year. This $50,000 plus the $15,000 support ordered for Jonathan will be adequate to take care of the reasonable financial needs of the plaintiff and Jonathan.

"While the market value of the stock transferred to the plaintiff is substantial, the dividends paid on this stock are small and will be less than one-third of the $50,000 the plaintiff needs towards her and Jonathan's expenses. The transfer of this stock, therefore, does not comply with the court's order. It is, however, a partial satisfaction of that order and so the court does not find the defendant in contempt."

The defendant thereafter appealed from this ruling, and the plaintiff cross appealed. The defendant subsequently filed an amended appeal following the court's order of March 16, 1988, that he pay the plaintiff counsel fees of $16,100.38 in connection with the pending appeal and cross appeal.

We first address the issue that is dispositive of the defendant's appeal. The defendant does not challenge the power of a trial court to clarify its judgment in the face of a perceived ambiguity. Rather, it is the defendant's contention that the court's ruling on the plain-

$500,000, failed in various respects to conform to the court order; that the defendant failed to pay the educational costs of the parties' minor child; and that the defendant did not comply with the court's order that he pay 80 percent of outstanding fees and expenses for the plaintiff's attorney.

tiff's postjudgment motion for clarification was erroneous because it substantively modified an award of lump sum alimony. We agree.

"Whether an award of alimony is subject to modification depends upon its nature. 'Alimony consisting of a specific portion of an estate or of a specific sum of money . . . is a final judgment which the court cannot modify even should there be a change of circumstance.' *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976)." *Turgeon* v. *Turgeon,* 190 Conn. 269, 282, 460 A.2d 1260 (1983); see General Statutes §§ 46b-81, 46b-86.

The dissolution decree ordered that the defendant pay to the plaintiff lump sum alimony in the amount of $500,000, and provided that this order "may be satisfied by the defendant transferring securities to the plaintiff." Thereafter, the defendant transferred to the plaintiff 6191 shares of stock of Cummins Engine Company, Inc., with a small amount of cash which, as the court found, "awarded the plaintiff lump sum alimony of $500,000." Like any other money judgment, this award of lump sum alimony, once entered, "may be subject to attack on appeal, it may be opened in a limited set of circumstances or it may be vacated by motion or petition for a new trial; it may not, however, be modified." *Turgeon* v. *Turgeon,* supra.

In this case, the plaintiff neither appealed nor moved to open or vacate the judgment of the trial court. In its ruling on the plaintiff's motion for clarification, the court substantively modified the award of lump sum alimony. In effect, the court's ruling (1) amended the judgment to require that any securities transferred to the plaintiff pay dividends of $50,000 per year, (2) increased the lump sum award by ordering the defendant to transfer additional assets, in excess of the original stock and cash valued at the time of transfer

at $500,000, to the plaintiff until the assets transferred paid dividends, which we judicially notice fluctuate with market conditions, of $50,000 per year, and (3) converted the lump sum alimony award into a hybrid lump sum and periodic alimony award by imposing on the defendant an obligation to guarantee an annual rate of return of $50,000 to the plaintiff on the amount of the lump sum payment.

We note that the value of the shares of stock transferred to the plaintiff has greatly decreased since the date on which the transfer was made. The trial court cannot, however, modify an award of lump sum alimony, even where the award was satisfied by a transfer of securities that have subsequently lost their original value. Similarly, any increment in market value or dividend payments would be beyond the scope of review of the trial and appellate courts. Fluctuations in the value and dividends of stock awarded as lump sum alimony payments, subsequent to judgment, are immaterial to the court. The trial court's order on the plaintiff's postjudgment motion for clarification cannot stand.

The defendant's claim on his amended appeal is that the court erred in ordering him to pay $16,100.38 to the plaintiff for counsel fees in connection with the appeals in this case. The defendant claims that the court's order was an abuse of discretion in view of the plaintiff's extensive assets, and was unreasonably excessive, and erroneously included fees incurred by the plaintiff prior to the defendant's appeal on April 1, 1987. We agree.

The decision to award counsel fees in a dissolution case is clearly a matter within the trial court's discretion. *Holley* v. *Holley,* 194 Conn. 25, 33–34, 478 A.2d 1000 (1984); *Voloshin* v. *Voloshin,* 12 Conn. App. 626, 631, 533 A.2d 573 (1987); *Costa* v. *Costa,* 11 Conn. App.

74, 77, 526 A.2d 4 (1987). "While the decision as to the *liability* for payment of such fees can be made 'in the absence of any evidence of the cost of the work performed'; *Kenny* v. *Civil Service Commission,* 197 Conn. 270, 278, 496 A.2d 956 (1985); the dollar amount of such an award must be determined to be reasonable after an appropriate evidentiary showing. *Barco Auto Leasing Corporation* v. *House,* 202 Conn. 106, 120–21, 520 A.2d 162 (1987)." (Emphasis in original.) *Costa* v. *Costa,* supra, 77–78.

The court abused its discretion in holding that the defendant should pay counsel fees of the plaintiff on appeal. "In determining whether to award counsel fees, the trial court must consider the total financial resources of the parties in light of the statutory criteria. General Statutes §§ 46b-62 and 46b-82;[5] *Turgeon* v. *Turgeon* [supra, 280]." *Voloshin* v. *Voloshin,* supra, 631–32. The statutory criteria are to be applied in light of the following three broad principles: "First, such awards should not be made merely because the obligor has demonstrated an ability to pay. Second, where both parties are financially able to pay their own fees and expenses, they should be permitted to do so. Third, where, because of other orders, the potential obligee has ample liquid funds, an allowance of counsel fees

[5] General Statutes § 46b-62 provides in pertinent part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82."

General Statutes § 46b-82 provides in pertinent part: "In determining whether alimony shall be awarded . . . the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

is not justified." *Turgeon* v. *Turgeon,* supra, 280; *Koizim* v. *Koizim,* 181 Conn. 492, 501, 435 A.2d 1030 (1980); *Tirado* v. *Tirado,* 7 Conn. App. 41, 45, 507 A.2d 470 (1986). If, on the basis of the total financial resources of the parties, the trial court concludes that denying an award of counsel fees would not undermine its purpose in making its prior financial orders, the court should allow each party to pay his or her own counsel fees. *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 32–34, 459 A.2d 498 (1983); *Tirado* v. *Tirado,* supra.

An examination of the court's order that the defendant pay the plaintiff counsel fees in light of these principles, and the relevant statutory criteria; see *Venuti* v. *Venuti,* 185 Conn. 156, 163, 440 A.2d 878 (1981); leads us to the inescapable conclusion that the court's award of counsel fees was an abuse of discretion. The court's complete memorandum of decision on the plaintiff's motion for allowance to prosecute the appeal states: "These fees concern the time the plaintiff's attorney has devoted to the appeals in the above matter. Counsel gave the court a statement detailing his time and the hourly rate therefor. The time involved and the hourly rate charged do not appear excessive. The court finds that the bill of $16,100.38 is not unreasonable and orders the defendant to pay it."

It is apparent from the court's memorandum that it did not consider the respective assets of the parties and the statutory criteria of General Statutes §§ 46b-62 and 46b-82. Its sole consideration was a review of counsel's statement detailing his fees and expenses and whether the charges appeared excessive. Finding that the fees and expenses in the amount of $16,100.38 were "not unreasonable," it ordered that the defendant make such payment. The required criteria of §§ 46b-62 and 46b-82 were admittedly not applied in making this award. Such an award is manifestly an abuse of discretion.

Additionally, the award of counsel fees was an abuse of discretion because the bill upon which the court predicated its order on its face included considerable charges for services rendered to the plaintiff prior to the appeal filed by the defendant on April 1, 1987, and the cross appeal filed by her on April 9, 1987. Therefore, the order that the defendant pay the plaintiff's bill in the amount of $16,100.38 was also unreasonable and excessive.

There is error, the judgment modifying the award of lump sum alimony and the order for payment to the plaintiff of counsel fees on appeal are set aside and the case is remanded with direction to deny the plaintiff's motion to modify and for further proceedings as to counsel fees in accordance with this opinion.

In this opinion the other judges concurred.