[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above case, in which a judgment entered on April 11, 1986, came before the court on a contempt motion filed on July 27, 1990 and on a motion to modify filed on May 11, 1990.
In the contempt motion, the plaintiff claims that the defendant has failed to pay the agreed upon installments of $100.00 per week toward the lump sum alimony of $52,000.00 awarded in the judgment. The parties have stipulated that the arrearage as to alimony was $1,600.00 as of September 9, 1990. The plaintiff raises as a further ground for a finding of contempt that the defendant has failed to pay child support as required pursuant to a modification entered into upon an agreement of the CT Page 1717 parties on June 19, 1990. The parties stipulated that the defendant was in arrears to the extent of $200.00 as of July 15, 1990. The judgment requires the defendant to pay $150.00 per week for the support of his sixteen year-old son. By agreement of the parties, these support payments were suspended from May 29, 1990 to July 17, 1990.
While it is undisputed that the defendant has failed to make the payments in question, the court finds that he lacked the ability to pay the amounts ordered during the periods at issue. While the defendant's financial affidavit included a stipend in the amount of $112.79 per week, his testimony established that this stipend will not commence until late in September 1990.
As to the motion to modify, the court finds that a substantial change in the circumstances of the parties has occurred since the entry of the judgment. The defendant's business ventures have failed and his earnings have diminished. A major asset which the defendant expected to receive as a result of litigation has not been received by him to date. In addition, the parties' son has left school and is partially self-supporting, and the plaintiff has increased her income.
While the lump sum alimony payment, which is to be paid in weekly installments of $100.00, is not modifiable, Miller v. Miller, 16 Conn. App. 412, 416 (1988); 46b-86 (a) C.G.S., modification of the child support amount is warranted.
Considering all of the factors set forth at 46b-84 (b) C.G.S. in conjunction with the child support guidelines promulgated pursuant to P.A. 89-203 1, including the earning capacity of the defendant, who has made only desultory attempts to pursue employment in occupations in which he had past success, the court finds that the order as to child support should be and hereby is reduced to $100.00 per week, retroactive to July 17, 1990, the last date of the agreed suspension of payments. The court finds the alimony arrearage to be $1,600.00 and orders that sum to be paid by January 30, 1991.
BEVERLY J. HODGSON, JUDGE.