[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT TO CLARIFY AND/OR MODIFY MEMORANDUM OF DECISION DATED JULY 27, 1990 AND MEMORANDUM OF DECISION DATED OCTOBER 15, 1990 AND MOTION TO REARGUE (203) AND OBJECTION TO DEFENDANT'S SECOND MOTION TO REOPEN JUDGMENT TO CLARIFY AND AND FOR COUNSEL FEES (DATED 11/6/90)
The decision on these motions are overdue because of several protracted trials before this referee each involving month long court sessions with no breaks.
This court noted on page 21 of its Memorandum of Decision dated July 27, 1990 that "the parties should feel free to bring to the court's attention any requested order that was not covered in (that) memorandum of decision and/or file a written stipulation of any modification." The predicate for that "escape hatch" was the complex issues and extensive testimony involved. The court endeavored to express a broad general intent to allow the parties every opportunity to utilize the court's services to finalize every aspect of controversy involved in this protracted dissolution.
The objection dated November 6, 1990 is overruled.
The above identified motion to reopen (#203) will be considered paragraph by paragraph
1.
The October 15, 1990 memorandum awarded the 1965 Mercedes to her and the 1976 Mercury to him. This award was predicated on the knowledge that defendant's corporation had financed an 1988 BMW on 10/11/89 via Gengras Motor Cars with a $5,000.00 down payment on a total sales price of $48,727.13. He and the corporation, his alter ego, had adequate transportation. The transportation available to her and the children was limited. CT Page 226
This change in award from that stated on page 12 of the 7/37/90 Memorandum of Decision resulted from the three motions filed by the parties and identified in the 10/15/90 decision. (See #198, #200, #201 and #202). Both parties requested and participated in the modification and clarification proceedings without objection from the other. This activity and participation continued the judicial control over the assignment of personal property as enacted in the July 27, 1990 decision. These facts readily distinguish this case from Bunche v. Bunche, 180 Conn. 285
(1980) and Miller v. Miller, 16 Conn. App. 412 (1988). This change in the award of the Mercedes reflects a more equitable distribution of the motor vehicles.
2.
The court did not intend that she be reimbursed for the $10,000.00 she took from joint funds and gave Mr. Keefe as a retainer.
The court's intent was that defendant be responsible for the balance of Mr. Keefe's fees after credit for the $10,000.00 from joint funds. Taxable costs are defined in the statutes. Out of pocket expenses include depositions, transcripts, copies of deeds, records, etc.
Defendant should receive credit for any witness fees or out of pocket expenses she prepaid out of joint funds.
3.
The Memorandum of Decision dated October 15, 1990 is modified and the date when the appeal period expires is extended to four months from the date this decision is "Filed" in the office of the clerk in this judicial district.
4.
Correction to read . . ."the former spouse or dependent (emphasis added) shall be responsible for the payment of premiums. . . ."
5.
Plaintiff's right to maintain life insurance on defendant's life with plaintiff as beneficiary shall cease only upon the termination of defendant's obligation to pay alimony because she remarries or judicial determination by a Judge of this court. Section 46b-86 (b). The request to restrict his cooperation to one physical exam as part of the application process for life CT Page 227 insurance is denied. The request to restrict the amount of the death benefit to $300,000.00 is denied. Plaintiff must provide defendant with a copy of any life insurance policy, renewal or reissue within two weeks of its effective date.
6.
The Memorandum of Decision dated 10/15/90 and filed on 10/16/90 — identified as #202 states on page 5 "So ordered". The three motions enumerated were addressed under I, II and III.
7.
The orders in the Memorandum of Decision dated July 27, 1990 not effected by the orders in the Memorandum of Decision dated October 15, 1990 shall be incorporated into the Memorandum of Decision dated October 15, 1990.
Mr. Keefe is awarded $500.00 for court attendance on September 14, 1990 and $500.00 for court attendance on January 4, 1991.
So ordered.
JOHN N. REYNOLDS STATE TRIAL REFEREE