[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR COUNSEL FEES (No. 156.00)
The plaintiff, Nancy B. Perry, filed a motion dated September 21, 1990, which was a motion for counsel fees to defend an appeal. The Honorable Raymond J. Devlin, State Trial Referee, granted a judgment dissolving the marriage and granted certain other relief. Thereafter, Judge Coppeto granted the plaintiff's motion to modify the award of alimony and child support and rendered judgment thereon from which the defendant appealed.
The Appellate Court heard the argument on October 1, 1990, and released its decision October 3, 1990, and it was reported in the Connecticut Law Journal on October 23, 1990 as23 Conn. App. 807. The court rendered a per curiam one line decision indicating the judgment is affirmed.
The plaintiff wife indicated that the magnitude of the modification by Judge Coppeto was in the area of $58,000.00. It was clear from the evidence presented that the husband's attorney's fees were in the area of $13,000.00.
The affidavit of attorney's fees filed October 9th, 1991, by the law firm of Goldstein and Peck requests attorney's fees of $27,548.16. It is clear from a review of this bill and affidavit that from February 15, 1990, through October 4, 1990, the total fees were $22,201.50. Note that the decision was rendered October 3rd of 1990.
It is clear that the motion for counsel fees to defend the appeal is clearly that. It was filed on September 21 of 1990 and was a request that the defendant, Gregory M. Perry, be ordered to pay to the plaintiff a reasonable sum for attorney's fees to defend the appeal pending in the Appellate Court.
Attorney Alfred Belinkie of Bridgeport testified in this case as an expert witness. He indicated that he had done a review of the briefs and the bill and provided his general knowledge based on his training and experience. He indicated that he was an attorney for 42 years, that he is a Dartmouth undergraduate and a Yale Law School graduate. His conclusion CT Page 9890 was that the fees were fair and reasonable. On cross-examination, he indicated that an average fee for his office on appeal is about $15,000.00, and that the largest fee he ever had on defending an appeal was in the range of $30,000.00 to $35,000.00.
The court must note in this case that this is an appeal from a modification and not from an entire trial.
In the cases cited by counsel and the other cases reviewed by the court, it is clear that in determining whether to award counsel fees the trial court must consider the total financial resources of the parties in light of the statutory criteria. Connecticut General Statutes 46b-62 and 46b-82 are to be considered. The court has considered those statutory criteria and the total financial resources of the parties.
In Miller v. Miller, 16 Conn. App. 412 at 418, the court said that the statutory criteria are to be applied in light of the following three broad principles:
 First, such awards shall not be made merely because the obligor has demonstrated an ability to pay. Second, where both parties are financially able to pay their own fees and expenses, they should be permitted to do so. Third, where, because of other orders, the potential obligee has ample liquid funds, an allowance of counsel fees is not justified.
Several cases are cited including Turgeon, Koizim, and Tirado.
The court, in Miller, seems to add another criteria which says,
 If, on the basis of the total financial resources of the parties, the trial court concludes that denying an award of counsel fees would not undermine its purpose in making its prior financial orders, the court should allow each party to pay his or her own counsel fees.
Id. at 419.
The converse of that is true that, if denying an order would undermine the purpose of the court in making its financial orders, the court should not allow each of the parties to pay their own counsel fees. That a party has sufficient funds to CT Page 9891 pay the attorney's fees does not preclude an award for counsel fees. Green v. Green, 13 Conn. App. 512 at 516. The court further said, "The availability of funds with which to pay the attorney's fees of the spouse claiming the allowance is not an absolute standard for denying the award." Green at page 517.
In Graham v. Graham, 25 Conn. App. 41 at page 50, the court added a further criteria that the trial court must exercise its discretion so that its decision as to counsel fees does not undermine its purpose in making awards with respect to alimony, support and division of assets.
In balancing the financial circumstances of the parties it is clear that, if counsel fees are not awarded to the wife (plaintiff), the purpose of the court order would be undermined.
The court finds that a fair and reasonable fee based on the testimony of the witnesses and examination of the affidavits and a review of the record and the brief of the plaintiff appellee and the brief of the defendant appellant and the exhibits as entered into evidence and the argument of counsel is $20,000.00. The husband's obligation is to pay some part of that fee based on all of the foregoing. Accordingly, the court orders that the defendant husband pay $13,200.00 to the wife as a contribution towards her attorney's fees.
The husband has indicated that he has borrowing power left on his credit cards, approximately $20,000.00 to $25,000.00, along with his other assets shown on his affidavit and his earning capacity. Accordingly, the husband is ordered to pay $1,000.00 per month on said attorney's fees obligation until paid commencing on January 1st, 1992, and payable monthly thereafter until paid.
EDWARD R. KARAZIN, JR., JUDGE