## ANN PETRO *v.* MICHAEL PETRO
## (11656)

LANDAU, FREEDMAN and SCHALLER, Js.

Argued April 27—decision released June 8, 1993

*William H. Cashman,* for the appellant (defendant).
*Lawrence P. Weisman,* for the appellee (plaintiff).

LANDAU, J. The defendant, Michael Petro, appeals from a judgment of the trial court dissolving his marriage and entering certain financial orders. The defendant claims that the trial court improperly (1) found that his two infidelities were the cause of the breakdown of the marriage, (2) neglected to order the plaintiff to reform her financial affidavit so as to remove those items of expenses for a child who had reached majority, (3) failed to consider the statutory criteria in its orders, and (4) abused its discretion in awarding counsel fees to the plaintiff. We reverse the judgment of the court regarding attorney's fees and affirm the judgment of the trial court on the remaining claims.

## I

While much of the trial testimony was disputed, it is axiomatic that the credibility of witnesses, the finding of facts, and the drawing of inferences are all within the trier's province. " 'It is futile to assign error involving the weight of testimony or the credibility of witnesses.' " *Grayson* v. *Grayson,* 4 Conn. App. 275, 293, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987). The defendant has failed to demonstrate that the trial court's factual findings were clearly erroneous or that its decisions as to the first three issues were otherwise erroneous in law. Practice Book § 4061; see *U. S. Fidelity & Guaranty Co. v. K.J. Enterprises, Inc.,* 19 Conn. App. 806, 563 A.2d 1386, cert. denied, 212 Conn. 818, 565 A.2d 538 (1989), cert. denied, 493 U.S. 1088, 110 S. Ct. 1155, 107 L. Ed. 2d 1058 (1990). Moreover, our own review of the record discloses that the evidence was sufficient to support the trial court's findings.

## II

We agree with the defendant's fourth claim, however, and reverse the trial court's award of $2500 for counsel fees to the plaintiff. The decision to award such fees is clearly within the trial court's discretion. In making such an order, however, the court must consider the respective financial abilities of the parties and the criteria set forth in General Statutes § 46b-82. General Statutes § 46b-62; *Murphy* v. *Murphy,* 180 Conn. 376, 380, 429 A.2d 897 (1980). "Where, because of other orders, both parties are financially able to pay their own counsel fees, they should be permitted to do so." *Koizim* v. *Koizim,* 181 Conn. 494, 501, 435 A.2d 1030 (1980). We are aware that awarding counsel fees to a spouse who has sufficient liquid assets would be justified if the failure to do so would substantially under-

mine the other financial awards. *Eslami* v. *Eslami*, 218 Conn. 801, 820, 591 A.2d 411 (1991). In this case, however, the trial court made no finding that such an award was necessary. Nor is there anything in the record that would support such a finding.

The judgment is reversed as to the award of attorney's fees only and the case is remanded with direction to render judgment as on file except as modified to eliminate that award.

In this opinion the other judges concurred.