[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR AN ALLOWANCE TO PROSECUTE. PENDENTE LITE (123) 
The plaintiff seeks an order awarding her $25,000 to enable her to pay her legal expenses that she expects to incur in the future as well as to permit her to partially repay loans that she has received from her parents, her sister and a friend that enabled her to pay retainers totaling $25,000.
The general rules concerning an award of this nature is stated in Draper v. Draper, 40 Conn. App. 570 (1996):
"Courts ordinarily award counsel fees in divorce cases so that a party (usually the wife) may not be deprived of her rights because of lack of funds. Febbroriello v. Febbroriello, 21 Conn. App. 200, 204-205, 572 A.2d 1032
(1990). The trial court's decision, however, to award such fees is a matter of discretion. Petro v. Petro, 31 Conn. App. 582, 583, 626 A.2d 791 (1993); Febbroriello v. Febbroriello, supra, 204. Counsel fees are not to be awarded merely because the potential obligor has the financial ability to pay. Koizim v. Koizim, 181 Conn. 492, 500-501, 435 A.2d 1030 (1980). If the trial court determines that both parties are financially able to pay their own counsel fees, they CT Page 571 should be permitted to do so. Id., 501. Moreover, an award of counsel fees is not justified when the potential obligee has ample liquid funds. Miller v. Miller, 16 Conn. App. 412, 418-19, 547 A.2d 922, cert. denied, 209 Conn. 823, 552 A.2d 430 (1988).
 A careful reading of the record clearly shows that the trial court properly exercised its discretion. The trial court specifically found that the defendant had the ability to pay, and did pay [her counsel] $98,000 and [attorneys for the minor children] $3000. The court also found that each party had the ability to pay one half of the outstanding fees owed to the children's counsel. We conclude on the basis of the total financial resources of the parties that the court, in denying the defendant's request for counsel fees, did not undermine its prior financial orders. Fitzgerald v. Fitzgerald, 190 Conn. 26, 34, 459 A.2d 498
(1984)." (Internal quotation marks omitted.)
The earlier case of Steinmann v. Steinmann, 121 Conn. 498 at 505 states:
 "The basis of the allowance is that she should not be deprived of her rights because she lacks funds which may be supplied from property in which as a wife she has a real interest but which is usually within the control of the husband. If, however, she possesses property of her own sufficient to pay the expenses of the suit and available for that use, she is not ordinarily entitled to an allowance. [Citations omitted] In this case, however, the trial court in its memorandum of decision upon the motion for the allowance made a part of the finding states that while the plaintiff had a substantial amount of property, it was not in liquid form, that she had only sufficient ready money barely to support herself during the pendency of the appeal, and that she was making no claim for alimony pendente lite. Under these circumstances we cannot say that the trial court erred in making the allowance."
In the present case it is evident that the plaintiff lacked sufficient liquid assets with which to pay her attorney. The fact that she has parents and a sister who were willing and able to advance her retainers does not remove this case from application of the general rule. The court has had no case brought to its attention which requires the moving party CT Page 572 to exhaust her credit or ability to borrow funds as a condition precedent to making this motion for an allowance. The plaintiff testified that she paid her first lawyer a retainer of $5000 and, in order to hire the law firm that currently represents her she paid the requested retainer of $20,000 to it. The reasonableness of these two retainers was not challenged by the defendant. A retainer is a fee given to counsel on engaging his services. The attorney is obliged to confirm the arrangement in writing, Rules of Professional Conduct, Rule 1.5. It is not payment for services rendered which forms the basis for an attorney fee award made pursuant to Sec. 46b-62, Panganiban v. Panganiban, 54 Conn. App. 634
(1999) at p. 643-4. Such an award is part of the mosaic created by the orders entered as part of the final judgment. The plaintiff testified that her parents are retired and in no position to advance any additional money and the court accepts this testimony as true. The plaintiff has exhausted her resources. In England v. England, 138 C. 410 (1951) at page 417 it was noted:
 "While ordinarily it is the better course for the court to defer such an award until after the services have been rendered, under some circumstances an allowance for future services may be necessary to safeguard a wife's rights properly."
No explanation is made as to why it is better to wait for that assumes the wife can find an attorney willing to work on credit thereby shrinking the pool of available counsel. Further, the attorney may have the charges examined by both parties during the final hearing and it is within the court's discretion to adjust the financial awards to prevent either party from being treated unfairly.
The defendant's financial affidavit dated January 4, 2001 lists legal fees as undetermined which has been treated in other cases as zero and in this case the defendant lists no dollar amount due his attorney. The defendant lists stocks, bonds and mutual funds valued at $226,455. In complying with the court order to be made in this case he need not sell but may also consider pledging some shares.
The plaintiff's motion is granted and the defendant is ordered to pay to the plaintiff the sum of $25,000 within two weeks.
HARRIGAN, J.T.R.