[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, POSTJUDGMENT, DATED JANUARY 10, 2002
The plaintiff has filed a motion for attorney's fees dated January 10, 2002 and in said motion requests that the court enter an order allowing attorney's fees for the necessity of defending an appeal, which the defendant initiated, which appeal was filed on January 8, 2002.
The plaintiff makes this request for attorney's fees on the grounds that the cost of the appeal will frustrate the orders of the court by requiring the plaintiff to substantially dissipate her assets to defend the same.
Incident to its memorandum of decision dated December 27, 2001 and filed December 28, 2001, the court allowed the sum of $7,500.00 as a contribution toward plaintiff's legal costs; the same to be paid by the defendant.
Admittedly, the issue now before the court is for an allowance to defend the appeal, which has been taken. The defendant filed a memorandum of law dated March 7, 2002 incident to his position as concerns the award of attorney's fees in similar circumstances. The defendant has cited a CT Page 3410 number of cases, which it is the defendant's position, are relevant to the issue at hand including Draper v. Draper, 40 Conn. App. 570 (1996), to this effect: "Courts ordinarily award counsel fees in divorce cases so that a party (usually the wife) may not be deprived of her rights because of lack of funds." Citing also Febbroriello v. Febbroriello,21 Conn. App. 200 (1990), continuing, "the trial court's decision, however, to award such fees is a matter of discretion;" citing Petro v.Petro, 31 Conn. App. 582 (1993). "Counsel fees are not to be awarded merely because the potential obligor has the financial ability to pay;" citing Koizim v. Koizim, 181 Conn. 492 (1980). "If the trial court determines that both parties are financially able to pay their own counsel fees, they should be permitted to do so."
Moreover, an award of counsel fees is not justified when the potential obligee has ample liquid funds; citing Miller v. Miller, 16 Conn. App. 412
(1988). In addition, referring to Febbroriello v. Febbroriello,21 Conn. App. 200 (1990), "the decision to award counsel fees is a matter of discretion. `Pursuant to General Statutes § 46b-62, a trial court has the discretion to award counsel fees to a party in a dissolution action "in accordance with their respective financial abilities and the criteria set forth in § 46b-82," including length of the marriage, causes for the dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skill, employability, estate and needs of each party.'" Also noting O'Neill v.O'Neill, 13 Conn. App. 300 (1988). Again, "courts ordinarily award counsel fees in divorce cases so that a party (usually the wife) may not be deprived of her rights because of lack of funds."
From Koizim v. Koizim, 181 Conn. 492 (1980), as further reinforcement of the rationale inherent in the cited cases, again the court stated "courts ordinarily award counsel fees in divorce cases so that a party (usually the wife) may not be deprived of her rights because of lack of funds." Reference is made to Krasnow v. Krasnow, 140 Conn. 254 (1953) andSteinmann v. Steinmann, 121 Conn. 498 (1936). In making its determination regarding attorney's fees, the court is directed by General Statute § 46b-62 to consider the respective financial abilities of the parties. Citing Murphy v. Murphy, 180 Conn. 376 (1980). Where because of other orders both parties are financially able to pay their own counsel fees, they should be permitted to do so. Citing Lopiano v. Lopiano,247 Conn. 356 (1998), General Statute § 46b-62 governs the award of attorney's fees in dissolution proceedings and provides in part that "the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in § 46b-82."
"In awarding counsel fees under this section, the court is not CT Page 3411 obligated to make express findings on each of these statutory criteria," citing Weiman v. Weiman, 188 Conn. 232 (1982). Courts ordinarily award counsel fees in divorce cases so that a party may not be deprived of his or her rights because of lack of funds. Where because of other orders both parties are financially able to pay their own counsel fees they should be permitted to do so. An exception to this rule is that an award of attorney's fees is justified even where both parties are financially able to pay their own fees if the failure to make an award would undermine its prior financial orders. Whether to allow counsel fees under46b-62 and 46b-82, and if so and what amount, calls for the exercise of judicial discretion.
The court is mindful of all of the other cases cited in the defendant's memorandum of law, dated March 7, 2002, including Panganiban v.Panganiban, 54 Conn. App. 634 (1999). The plaintiff's present request is for the sum of $15,000.00 as an allowance to defend against the pending appeal and that the payments of the same should not be stayed. The court has considered the arguments of counsel, the memorandum of law filed by the defendant's counsel and is mindful of the content of the memorandum of decision of December 27, 2001.
The court is mindful of the respective financial positions of the plaintiff and the defendant.
Mindful of the financial positions that exist on both sides of the aisle, mindful of the assets available to the plaintiff, mindful of the expenses already incurred on both sides of the aisle, the court will allow the sum of $2,500.00 for attorney's fees of the plaintiff for the purpose and necessity of defending the appeal. The court declines to take the position that any stays attendant to the appeal should be vacated and, therefore, to the extent that it is affected by the same, this order shall be subject to the pending appellate procedure.
Austin, JTR