VALERIE M. MILOT *v.* RAYMOND MILOT

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued October 5—decision released November 1, 1977

*Barbara E. Flanagan,* with whom, on the brief, was *Nancy B. Lukingbeal,* for the appellant (plaintiff).

*Eugene A. Skowronski,* with whom, on the brief, was *Gary I. Cohen,* for the appellee (defendant).

PER CURIAM. This was an appeal by the plaintiff from a judgment of the Superior Court modifying an order for the support of minor children and determining the amount by which the defendant was in arrears in the payment of alimony and support. A divorce decree in favor of the plaintiff had been entered in 1972. The decree provided for periodic alimony and support payments to be made by the defendant and granted custody of the three minor children of the parties to the plaintiff with rights of reasonable visitation in the defendant.

The awards for alimony and support were subsequently modified in November, 1973, and again in February, 1975.

In December, 1975, the defendant filed a motion to suspend alimony and support payments "until such time as the plaintiff complies with the order of the court granting him his rights of reasonable visitation." With no apparent consideration for the fact that "[t]he duty to support is wholly independent of the right of visitation"; *Raymond* v. *Raymond,* 165 Conn. 735, 742, 345 A.2d 48; and despite the very limited claim for relief stated in the motion the court concluded that the motion should be treated the same as one to modify the existing alimony and support judgment. It rendered judgment continuing alimony at $20 per week but reduced support payments from $42.50 per week per child to $30. It also included in the judgment a provision concerning the arrearage of payments owed by the defendant. A decision as to the propriety of that order.is decisive of the merits of this appeal regardless of other claims of error.

The court found that as of the date of the judgment the defendant was in arrears for payment of support and alimony in excess of $3,000. Notwithstanding this express finding, the court in another finding found the arrearage to be $2,000 and ordered the defendant to pay $10 per week on this sum in addition to the alimony and support as already ordered.

The findings as to the arrearage are obviously inconsistent and, if in fact the correct amount of the arrears was in excess of $3,000, the retroactive modification of accrued unpaid installments was improper. See *Sanchione* v. *Sanchione,* 173 Conn.

397, 405-406, 378 A.2d 522. There is, accordingly, error in the judgment as rendered and the plaintiff is entitled to a new hearing. Because of the passage of time and the fact that questions involving modification of alimony and support depend not only on conditions as they exist at the time of the hearing but upon proof of a substantial change in circumstances of either party; General Statutes § 46-54; *Grinold* v. *Grinold*, 172 Conn. 192, 195, 374 A.2d 172; we do not restrict the remand to a rehearing on the defendant's motion but, finding error in the judgment as rendered, remand the case for any proper further proceedings.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.