PATRICIA G. PHARES *v.* JACK H. PHARES
(2319)

TESTO, HULL and BORDEN, Js.

Argued October 12, 1983—decision released January 17, 1984

*Mark F. Katz,* for the appellant (defendant).

*David M. Wallman,* with whom was *Virginia O. Pierson,* for the appellee (plaintiff).

TESTO, J. The parties' marriage was dissolved in early 1981. The defendant was ordered to pay alimony in accordance with article IV of a separation agreement submitted to the court which provided for payment of "the amount of Eighteen Thousand and 00/100 ($18,000.00) Dollars per annum as alimony. Said amount shall be payable in monthly installments of One Thousand Five Hundred and 00/100 ($1,500.00) Dollars per month on the first day of each month. Said alimony shall cease upon the earlier of the remarriage of the wife, her death, her continuous cohabitation with another man in excess of a continuous period of ninety (90) days, the husband's sixty-fifth birthday or the husband's death." The defendant was fifty-one years old at the time of the proceedings at issue here.

The plaintiff filed a motion for a temporary injunction dated October 30, 1981, by which she sought to restrain the defendant from transferring or disposing of his assets in any manner. Three days later, the

defendant filed a motion to modify the alimony award. The latter motion was not before the court at the hearing on the temporary injunction.

At a hearing on November 30, 1981, on her motion for a temporary injunction, the plaintiff testified that the defendant had been terminated at General Telephone and Electronics, Inc., and that he would be receiving pension benefits and other sums in connection with his termination. It was also represented by the plaintiff's attorney, without objection from the defendant's attorney, that the defendant was looking for work in California and Hawaii.[1] At the conclusion of this hearing, the trial judge made this order: "A bond should be posted by the defendant in an amount to protect the plaintiff's interest in alimony which is owed as per the original order. Any change in the amount can be determined at the final hearing. That amount to equal total remaining payments." The undisputed facts were that the defendant had not missed any payments and had not threatened to do so. The amount of the bond ordered by the trial court would be placed between $220,000 and $270,000, a sizeable amount. Under the criteria set forth in *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627–29, 356 A.2d 893 (1975), the court's order requiring the posting of a bond is a final judgment and as such is appealable.[2]

General Statutes § 46b-82 gives the court the authority to order security for payment of alimony. Furthermore, General Statutes § 46b-86 gives the court the authority to modify its orders unless the decree precludes modification. Such preclusion is not the case

---

[1] The transcript indicates that the plaintiff's attorney represented, without objection from the defendant's attorney, that the defendant had lost his job and was looking for work on the west coast or in Hawaii; the plaintiff testified that the defendant had talked to her about moving his boat to California or Hawaii.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

here. The court did attempt to modify the original orders. There was no evidence given showing a substantial change in the circumstances of either party at the time of the hearing. *Milot* v. *Milot,* 174 Conn. 3, 5, 381 A.2d 528 (1977).

The only evidence before the court at the time of the hearing was the testimony of Patricia Phares, the plaintiff. There was no evidence given as to any change of circumstances affecting either party and the court did not so find. The plaintiff testified only as to the assets and pension rights of the defendant.

There were insufficient facts found by the trial court for it to order a bond for fourteen years worth of alimony at $18,000 per year. In doing so, the court abused its discretion. See *Red Top, Inc.* v. *Board of Tax Review,* 181 Conn. 343, 347, 435 A.2d 364 (1980).

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion HULL, J., concurred.

BORDEN, J. (concurring). I agree with the result of the majority opinion but not with the route by which it is reached. I do not agree that this is a case involving the question of whether the trial court was justified in modifying the judgment. The record indicates to me that the plaintiff's theory in the trial court and here, and the one that the trial court adopted, was instead that of the equitable power of the court "to render such orders as may be required to protect the integrity of the original judgment," under *Koizim* v. *Koizim,* 181 Conn. 492, 499, 435 A.2d 1030 (1980), and *Turgeon* v. *Turgeon,* 190 Conn. 269, 284, 460 A.2d 1260 (1983). I read those cases as requiring some action of the party indicating a threat to the integrity of the court's judgment. In *Koizim,* the order in question was

preceded by the plaintiff collateralizing his property in contravention of the court's previous order. In *Turgeon,* there was a recent history of contempt of court by the defendant and depletion of his assets. Here, the undisputed facts were that the defendant had not missed any payments and had not threatened to do so, except insofar as his pending motion for modification of alimony would, if granted, change his obligation. The only basis for the court's order was that the defendant was planning on moving to California or Hawaii. Given a history of full compliance with the judgment and no threat of noncompliance, I would hold that in this mobile society that is an insufficient basis for the court to require a bond for 14 years worth of alimony at $18,000 per year and that doing so was an abuse of discretion.