[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a motion for contempt coded number 132. Many of the facts that give rise to this motion are not in CT Page 11952 dispute. The marriage between the parties was dissolved by judgment dated January 19, 1994. The defendant was ordered to pay to the plaintiff, as periodic alimony, the sum of $350 per week until her death, remarriage or cohabitation, or when she reaches age sixty-five (65), whichever event first occurs. The plaintiff's contempt citation was served on the defendant by a sheriff on August 17, 1995. As of August 17, 1995, the defendant was in arrears in his alimony payments in the sum of $1,400. Since that date, he has brought the payments current. The sheriff's fee in serving the contempt motion was $48.80. The Court finds that a reasonable attorney's fee for counsel for the plaintiff is $400. The Court finds that the defendant had failed to prove inability to pay and finds that he is in willful contempt of court. As part of the contempt motion, the plaintiff is requesting an order directing that security be given by the defendant to protect the plaintiff's alimony award. The party having dispute as to the authority of the Court to enter such an order. The defendant argues that security can only be ordered upon a showing of a substantial change in circumstances citingPhares v. Phares, 1 Conn. App. 172 (1984). The Court is not persuaded by that argument. Phares was a post judgment motion following a dissolution of marriage for a temporary injunction to restrain the defendant from transferring or disposing of assets. The defendant had not missed any of his alimony payments and had not threatened to do so since the date of judgment. The Appellate Court held that since there was no evidence of any change of circumstances that the order of the trial court requiring the defendant to post bond to protect the plaintiff's interest in alimony was an abuse of discretion. This Court believes that the controlling cases in the factual situation of this case areKoizim v. Koizim, 181 Conn. 492, 499, 435 A.2d 1030 (1980) andTurgeon v. Turgeon, 190 Conn. 269, 284, 460 A.2d 1260 (1983). InKoizim, the trial court entered post judgment orders requiring an assignment as collateral of the plaintiff's interest in real estate to secure the property division orders. In Koizim, the plaintiff had arranged to borrow $600,000 in contravention of the judgment of the trial court that the plaintiff's interest in the assets that were to be assigned as collateral for the loan were not to be encumbered or divested. The Supreme Court held that the trial court did not abuse its discretion in entering a temporary restraining order. In Turgeon, there was a post judgment contempt finding against the defendant for failure to pay alimony, counsel fees and expert witness fees. After the contempt finding that was entered on April 14, 1982 for failure to pay alimony, counsel fees and expert fees, the trial court, in June of 1982, entered CT Page 11953 an order that there be no further transfer of machinery, principal assets or any further encumbrance of assets of New England Precision Products until further order of the court. TheTurgeon court on page 284 held in part as follows:
 The equitable authority of the Superior Court to render such orders as may be required to protect the integrity of its judgments in dissolution matters is clear. . . . It was apparent to the court from its previous hearings that the defendant's available assets had been depleted and that, unless measures were taken to prevent such occurrence, the defendant's resources would be further depleted. In the circumstances, preserving the status quo was an appropriate response.
This Court reads Koizim and Turgeon as holding that where there has been some action on the part of the payor indicating a threat to the integrity of the Court's judgment, the Court can enter such orders as may be required to protect the integrity of the original judgment. At the hearing held before this Court on September 18, 1995, on the plaintiff's contempt motion coded 132, the party stipulated that the Court could take judicial notice of all motions and orders entered post judgment, including the April 11, 1994 transcript.
A review of all post judgment motions, including the April 11, 1994 transcript, results in the following findings. On April 11, 1994, the Court in acting on the plaintiff's motion for contempt, dated February 22, 1994, found the defendant in willful contempt and ordered that he be incarcerated and that as a condition of release the defendant shall pay $2,800 and that $2,800 shall be paid in full by April 25, 1994 at 9:30 a.m. by certified check, money order or cash. It was further ordered that the defendant pay $500 in plaintiff's attorney's fees and $39.80 in sheriff's fees and that he shall make current weekly alimony payments. It was further ordered that the defendant could purge himself of contempt by making all of these payments, $2,800, $500 attorney's fees, $39.80 sheriff's fees and the current weekly alimony by April 25, 1994 at 9:30 a.m. It was further ordered that if he did not make the payments by April 25, 1994, he would be incarcerated on that date. The defendant made all the required payments by April 25, 1994.
The Court further finds from the evidence presented that the plaintiff is fifty-four years old and is on Social Security since CT Page 11954 1986 or 1987. She is unable to work. The defendant is in the real estate business and owns various properties locally. Since the date of judgment, the defendant has sold two of the properties that he owned on the date of judgment, namely, property located at 5 Crofut Street and 7 Crofut Street. He has also refinanced his office where his real estate business is located at 25 Mill Plain Road, Danbury, Connecticut. At the time of judgment, that property had a mortgage of $47,299. It now has a first mortgage of $150,000 and a second mortgage of $40,000. A number of properties that he owns are presently for sale and have been for sale since prior to the divorce. The Court finds that as a result of the defendant's refinancing of his office at 25 Mill Plain Road, Danbury, Connecticut, and as a further result of his repeated failure to pay the court ordered alimony, orders are necessary to protect the integrity of the original judgment.
ORDERS
1. The defendant is ordered to give as security to the plaintiff, to protect the plaintiff's alimony award, a mortgage on the office building located at 25 Mill Plain Road, Danbury, Connecticut, in the face amount of $150,000 dollars. The face amount of that mortgage is to be reduced by the amount of each weekly alimony payment hereinafter made by the defendant. The defendant is to execute and deliver that mortgage deed secured by a promissory note within thirty (30) days of today's date to the plaintiff. Until such time as the defendant executes and delivers the promissory note and mortgage deed to the plaintiff, the Court orders that the defendant not further encumber or transfer any interest that he has in his office located at 25 Mill Plain Road, Danbury, Connecticut.
2. The defendant is ordered to pay counsel fees in the amount of $400 to counsel for the plaintiff, as well as sheriff's fees in the amount of $48.80 by November 1, 1995.
Axelrod, J.