[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de FINANCIAL ORDERS
The court entered a judgment of dissolution on June 10, 1999 at which time the financial orders were severed to be entered at a later date, the court reserving decision thereon. The court finds that the defendant appeared in this case through counsel on March 2, 1999. Subsequent counsel appeared in lieu of prior counsel on December 3, 1998. The defendant was represented by an attorney through May 24, 1999 when this court granted his counsel's motion to withdraw appearance.
The following orders are now entered. CT Page 9791
1. The defendant shall pay to the plaintiff unallocated alimony in the amount of $4,000.00 each month until July 31, 2008 or the sooner date of the death of, either party, the plaintiffs remarriage or future court order. § 46b-86 applies to this order. The defendant shall pay child support in the amount of $2,075.00 per month. An immediate wage withholding is ordered. This order is based on the defendant earning $200,000.00 gross annually.
2. The defendant shall continue to maintain all medical insurance available at his employer's for the benefit of the minor children. § 46b-84 (e) applies to this order.
3. The parties shall each pay 50% of all uninsured medical bill balances promptly.
4. Real property Division: That on or about April 19th, 1999, the husband executed and later delivered to the Wife a Quit Claim Deed and state conveyance tax form transferring all of his, right, title and interest in the real property located at 8 Ivanhoe Lane, Westport, Connecticut to the Wife. The husband simultaneously executed and later delivered to the Wife a stipulation Re: Partial Property Division dated May 13, 1999, which is attached hereto as Exhibit A and made a part hereof.
The wife shall be responsible for, pay, indemnify and hold the husband harmless from the homeowner's insurance, telephone expenses, utility expenses, household and yard maintenance incurred thereafter and incident to the real property located at 8 Ivanhoe Lane, Westport, Connecticut.
That under the terms and conditions of paragraph 6 of the stipulation Re: Partial Property Division dated May 13, 1999, this court reserved jurisdiction over the terms of payment and the indemnification and hold harmless terms of the first mortgage and home equity loan for the following periods: March 1, 1998 through January 31, 1999 and from May 1, 1999 until the date of the closing from the sale of the real property located at 8 Ivanhoe Lane, Westport, Connecticut. The husband shall be responsible for, pay, indemnify and hold the wife harmless from the first mortgage monthly principle and interest payments, the home equity loan monthly payments, real estate taxes, and all late charges and penalties incident to those encumbrances for the following periods: March 1, 1998 through January 31, 1999 and CT Page 9792 from June 1, 1999 until the date of closing.
That the real property located at 8 Ivanhoe Lane, Westport, Connecticut is currently listed for sale at a listing price of $469,000.00. Under the terms and conditions of Paragraph 3 of the Stipulation Re: Partial Payment Division dated May 13, 1999, this court reserved jurisdiction over the terms of the acceptance of a Gross Sales Price of less than $350,000.00. The wife shall hereafter be allowed, in her discretion, to accept any gross sales price of less than $350,000.00 without obtaining another order from this court.
That under paragraph 4.b of the Stipulation Re: Partial Property Division dated May 13, 1999, the husband is entitled to receive the difference between the gross proceeds of sale and $415,000.00, less the customary broker's commission and the state and local conveyance taxes attributable to that difference.
That at the time of the closing, the husband's share of the net proceeds of sale, if any, shall be deposited into an interest bearing escrow account held by Attorney Gina A. Pasquini.
That from the husband's share of the net proceeds of sale, the following shall be paid, if not previously paid by the husband:
The wife shall be reimbursed for the first mortgage monthly principal and interest payments, the home equity loan monthly payments, real estate taxes, and all late charges and penalties incident to those encumbrances for the following periods: March 1, 1998 through January 31, 1999 and from June 1, 1999 until the date of closing, and:
The then outstanding balance on the joint Citicorp line of credit.
After payment of the foregoing expenses, the remaining balance in the escrow shall serve as security for the husband's future payment of alimony, child support and unreimbursed/uninsured medical, hospitalization and dental expenses for the minor children under § 46b-82 of the Connecticut General Statutes and under the case of Phares vs. Phares, 1 Conn. App. 172 (1984). In the event that the husband fails to make alimony, child support and/or unreimbursed/uninsured medical, hospitalization and dental CT Page 9793 expenses for the minor children on a timely basis Attorney Pasquini shall be authorized to pay any such arrearage due the wife from the escrow account. This escrow shall remain in effect for so long as the husband has a legal obligation to support either the wife or a minor child of the marriage.
5. Personal Property Division: That all household furnishings and other personal property currently in the possession of the wife shall remain her property, free from any claim of the husband. All household furnishings and other personal property currently in the possession of the husband shall remain his property, free from any claim of the wife.
That except as previously provided herein, the wife shall retain the following assets reflected on her financial affidavit dated June 10, 1999, free from any claim of the husband.
6. Income Taxes: That the husband shall be responsible for any payment(s) owed and the parties shall equally divide any refunds which may result from the joint federal, state and local income tax returns for 1997 (Amended) and 1998.
That the husband agrees to indemnify and hold the wife harmless from any liabilities for taxes, assessments, penalties, or interest which may result from any joint federal, state or local income tax returns filed or to be filed by the husband and the wife. The husband shall pay for the defense against any such claims.
That if there is a deficiency assessment in connection with any joint tax returns, the party receiving the notice shall immediately forward a copy to the other party. The husband shall pay the amount(s) ultimately determined to be due, together with interest and penalties, and any and all expenses that may be incurred incident or relating to the assessment. If a tax lien is filed or has been filed against the wife's property, the husband shall immediately furnish a surety bond in a principal sum sufficient or take any other steps reasonably necessary to obtain release of the lien.
Commencing in January of 1999, the wife shall be entitled to claim the mortgage interest and real estate tax deductions for the 8 Ivanhoe, Westport, Connecticut real property for the tax year 1999 and for all years thereafter on her Federal and state income tax returns. CT Page 9794
7. Liabilities: That except as previously provided herein, the wife shall be responsible for, pay, indemnify and the hold the husband harmless from all other liabilities reflected on her financial affidavit dated June 10, 1999.
Except as previously provided herein, the husband shall be responsible for, pay, indemnify and hold the wife harmless from the following liabilities.
The joint Citicorp line of credit.
The balance of $3,500.00 dollars owed to the Conservative Synagogue of Weston, Westport and Wilton; and
Any liabilities and/or taxes due presently or incurred in the future with respect to his and/or her interest in Atlantico Shoe Corporation.
8. Counsel Fees: That the husband shall make a fifteen thousand ($15,000.00) dollar contribution towards the wife's counsel fees payable to Attorney Gina A. Pasquini within sixty (60) days of notice of this order.
That except as modified herein, all terms and conditions of the stipulation Re: Partial Property Division dated May 13, 1999 and the addendum to Stipulation Re: Partial Property Division dated May 13, 1999, which is attached hereto as Exhibit B and made a part hereof, shall be incorporated by reference into the judgment of dissolution.
9. The defendant shall retain the Atlantico Shoe Corporation as his sole property. Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.
 EXHIBIT A