[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree of this court on October 27, 2000. On January 3, 2001, the defendant filed a Motion for Clarification (#155). The court issued a Memorandum clarifying the decree on February 1, 2001, from which decision the plaintiff has appealed. On February 22, 2001, the defendant filed a Motion for Counsel fees to defend the appeal. He seeks the sum of $15,000, and bases his claim on the plaintiff's ability to pay, as well as his contention that the appeal is frivolous. The court heard argument by counsel, both of whom have submitted updated financial affidavits and memorandums of law.
 LAW
An award of attorneys fees is within the discretion of the court. In making a determination as to whether or not to grant such a request, the court must look at the financial abilities of the parties and apply the criteria set forth in Section 46b-82 C.G.S. Section 46b-62 C.G.S. The award is not based upon whether one party has greater assets than the other, but rather, whether the party seeking relief has "ample liquid assets" to pay the fees, and if not, will that party be "deprived of [their] rights because of lack of sufficient funds to retain an CT Page 10914 attorney." Koizim v. Koizim, 181 Conn. 492, 500-501 (1980). Ability to pay the fees is not an "absolute litmus test" especially where the court finds that the use of that party's assets would "undermine" the purpose of the court's financial orders. Fitzgerald v. Fitzgerald, 190 Conn. 26,29-30 (1983). Moreover, where both parties are found to have sufficient ability to pay their own fees, they should do so. Blake v. Blake,211 Conn. 485, 489 (1989). In addition, the defendant here seeks an award of attorneys fees because of his contention that the appeal is frivolous. This smacks of punishment. Were the court to make such an award where punishment was a factor in its determination, it would have abused its discretion. Blake, Supra, 489. The issue of whether of not the appeal has merit lies with the Appellate Court, and this court is content to leave that determination in their very capable hands.
 FINDINGS
The court, having heard the argument of counsel, reviewed the financial affidavits of the parties, and considered the factors set forth in Sections 46b-62 and 46b-82 C.G.S., finds as follows:
 1. That the defendant has ample liquid assets with which to pay his own counsel fees and costs to defend the appeal.
 2. That the financial orders of the court will not be undermined if he is left to pay his own fees.
 ORDER
Based upon the foregoing, the defendant's Motion for Counsel Fees to defend the appeal is HEREBY DENIED.
THE COURT
SHAY, J.